## Benton v. Nichols.

Practice in the supreme court: assignment of error: exceptions.

*Appeal from Louisa District Court.*

Monday, December 10.

Action for damages to plaintiff's corn crops and meadow, by defendant's horses, hogs and geese. There was a trial by jury, and a verdict and judgment for the plaintiff for $22. Defendant appeals.

*Tatlock & Wilson*, for appellant.

*Hurley & Hale*, for appellee.

Rothrock, J. There was a motion to set aside the verdict, which contained five points. There was an amendment to the motion, which amendment contained three points.

The first assignment of error is in these words: "Appellant says the court erred in refusing to sustain the motion to set aside the verdict." This assignment is not sufficiently specific to meet the requirements of Sec. 3207 of the Code. It is there provided that "among several points in a demurrer, or in a motion,   *   *   *   it must designate which is relied on as an error, and the court will only regard errors which are assigned with the required exactness.   *   *   *   *   ·

II. It is next assigned for error that the "court erred in refusing to allow defendant to introduce evidence offered by him and rejected by the court." The defendant sought to prove the action of the township trustees in assessing damages to the plaintiff's corn crop in 1873, and at what said damages were estimated. This was objected to by plaintiff, the objection was sustained, and the defendant excepted. There was no error in this ruling of the court, because the plaintiff in his testimony expressly waived all claim for damages done to his corn crop for that year.

· III. The next and last assignment is that "the court erred in allowing appellee to introduce the evidence offered and introduced by him."·

It does not appear from the abstract that the defendant made any objection or took any exception to any of the evidence offered by plaintiff.

AFFIRMED.